IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MEDTRONIC PUBLIC LIMITED COMPANY, MEDTRONIC, INC., MEDTRONIC XOMED, INC., HCA HOLDINGS, INC., HEALTHTRUST PURCHASING GROUP, L.P., <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § Case No. 2:16-CV-00127-JRG-RSP |

## ORDER

Before the Court is <u>Plaintiff's Emergency Motion to Enforce February 17, 2018 Settlement Agreement, and to Compel Medtronic to Make its Payment Obligation and Terminate IPR Proceedings (Dkt. No. 110)</u>. In a previous Order addressing the first emergency motion filed by Plaintiff Neurovision Medical Products, Inc. ("Neurovision"), the Court concluded that Neurovision and Medtronic had entered into an enforceable settlement agreement by email on February 17, 2017. Dkt. No. 109. Medtronic has nevertheless been unwilling to comply with what appeared to be an enforceable settlement agreement, prompting Neurovision to file the second emergency motion. Dkt. No. 110.

In response to Neurovision's emergency motion, Medtronic raises new (or more clearly articulated) arguments concerning whether the February 17, 2017 email agreement is enforceable. Dkt. No. 113. Namely, Medtronic argues that the agreement is missing material terms, including a defined release provision, a covenant not to sue, indemnity provisions, among others. *Id.*

1

Medtronic also argues that even if the February 17 agreement is enforceable, specific performance requiring Medtronic to withdraw pending IPR petitions is not warranted because if an appellate court ultimately determines that the February 17 agreement is not enforceable, yet Medtronic withdrew its IPR petitions according to the Court's order, Medtronic will be time-barred from challenging Neurovision's patents in any subsequent litigation.

The new arguments raised by Medtronic warrant revisiting the question of whether the February 17 agreement is enforceable, in addition to whether the March 23 draft agreement or any other agreement is enforceable, and finally whether specific performance should be ordered.

The Court will hear argument and evidence on the issues raised in Neurovision's emergency motions on **May 17, 2017 at 9:00 a.m.**  The parties should be prepared to address at least the following issues: (1) choice of law; (2) the alleged February 17, 2017 agreement; (3) the alleged March 23, 2017 agreement; and (4) specific performance. In advance of the hearing, the parties shall submit briefs according to the following schedule.

| | |
|---|---|
| Plaintiff's Opening Brief | May 1, 2017 |
| Defendants' Response Brief | May 8, 2017 |
| Plaintiff's Reply Brief | May 12, 2017 |

The parties are also ORDERED return to mediation with the appointed mediator before the hearing, and to have both local and national counsel present, along with a corporate representative with full settlement authority

**SIGNED this 17th day of April, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE